IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ADAM R.F. GUSTAFSON; and KATHERINE A.N. GUSTAFSON, | ) ) ) | CIVIL NO. 09-00565 SOM/KSC |
| Plaintiffs, | ) ) ) | ORDER DENYING MOTION FOR RECONSIDERATION (DOC. NO. 82) |
| vs. | ) ) | |
| CHIYOME FUKINO, M.D., Director of the Hawaii Department of Health; et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DENYING MOTION FOR RECONSIDERATION (DOC. NO. 82)

On November 30, 2009, Plaintiffs Adam and Katherine Gustafson, proceeding pro se, filed a Complaint against various state officials.  The Gustafsons were unhappy with having been asked to state their race and any Spanish origin on a birth certificate registration form submitted in October 2009 for their Hawaii-born daughter.  On February 24, 2010, Plaintiffs filed a First Amended Complaint.

On June 18, 2010, this court dismissed the First Amended Complaint.  See Doc. No. 80.  On July 16, 2010, Plaintiffs filed a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  On July 19, 2010, without citing any authority allowing them to do so, Plaintiffs filed a Revised Memorandum.  This filing appears to have been necessary because Plaintiffs were unable to finish the memorandum in time to comply the deadline set forth in Rule 4(a)(4)(A)(vi)

of the Federal Rules of Appellate Procedure.  Adam Gustafson has graduated from law school and is currently clerking for a judge on the Ninth Circuit Court of Appeals.  This court assumes that Adam Gustafson expects a document filed as an opening brief in any appeal to be a complete document rather than something preliminary filed by a deadline only to be followed by the real brief after the deadline.  This court nevertheless considers Plaintiffs to be proceeding pro se and considers the revised memorandum.

      Plaintiffs' Rule 60(b) motion suffers from a fundamental misconception of the facts.  That is, Plaintiffs contend that the State told them that, to obtain certified copies of their daughter's birth certificate, they had to answer questions about their race and Spanish origin.  That belief is based on an unreasonable interpretation of a letter dated November 10, 2009.

      As set forth in the court's Order Dismissing the First Amended Complaint, Plaintiffs' daughter was born in October 2009. Plaintiffs timely filled out a birth registration form, but left blank the space to respond to certain questions pertaining to race and Spanish origin.  On November 10, 2009, K. Lavarias of the State of Hawaii, Office of Health Status Monitoring, sent Plaintiffs a letter.  See First Amended Complaint, Ex. C.  That letter noted that certain matters on the birth registration form

were blank.  Id.  Plaintiffs contend that, in this letter, the State told them that, unless they answered the questions about race and Spanish origin, they would not be able to receive certified copies of their daughter's birth certificate.  That contention is unwarranted and is an unreasonable interpretation of the letter, which states:

> Please be advised that the items of information requested are in accordance with Hawaii state law and until such time as they are entered on the certificate, certified copies of the certificate will not be issued until the information is completed.
>
> Your prompt attention to this matter will be appreciated.  If we do not receive the requested information by the deadline date [December 10, 2009], we will enter "Information not given" on the birth certificate.

See First Amended Complaint, Ex. C.

Lavarias's November 10, 2009, letter, while stating that certified copies of the birth certificate would "not be issued" if Plaintiffs failed to answer the questions on race and Spanish origin, also says "Information not given" would be entered on the birth certificate if the information was not received by the deadline.  The letter was therefore confusing.  This ambiguity is not, as Plaintiffs contend on the present matter, a matter this court must ignore because this court should rely on only undisputed facts.  Whether a document is ambiguous is a matter of law.  C.f. S. Cal. Cas. Co. v. City of Santa Ana,

336 F.3d 885, 889 (9th Cir. 2003) ("Ambiguity is a question of law for the court."). Plaintiffs themselves followed up by asking Lavarias to clarify whether they could get certified copies of the birth certificate if they did not report their race and Spanish origin. See First Amended Complaint, Ex. D. This court was permitted to recognize the ambiguous nature of Lavarias's letter.

Plaintiffs' present motion appears to draw a distinction between an official birth certificate held permanently by the State of Hawaii and certified copies of that official birth certificate. Plaintiffs note in their reconsideration motion that the birth certificate on file may have been created as early as November 9, 2009, with a blank for the parents' races. The Lavarias letter gave the Gustafsons until December 10, 2009, to answer the questions that they had left unanswered on the birth registration form. After that date, according to the letter dated November 10, 2009, "Information not given" would be entered on the official birth certificate permanently on file with the State of Hawaii. The November 10, 2009, letter does not state that the Gustafsons would be unable to get certified copies of the official birth certificate after December 10, 2009. Nothing in the letter suggests that Plaintiffs would be permanently unable to receive certified copies of their daughter's birth certificate if they did not

4

answer the questions about race and Spanish origin.  Instead, Plaintiffs would presumably have been able to receive certified copies of the official birth certificate, possibly stating "Information not given."

The court is therefore unpersuaded by Plaintiffs' reconsideration argument that they had an "actual and well-founded" or credible fear based on that letter that certified copies of the birth certificate would never be provided to them if they refused to answer the questions about race and Spanish origin.  See Doc. No. 83 at 2.  Plaintiffs do not establish any basis for thinking they were under "an imminent threat of being permanently deprived, just 10 days in the future, of prima facie evidence of their daughter's birth, to which they were legally entitled."  See Doc. No. 83 at 13.

Plaintiffs argue that the insertion of the words "Information not given" on the birth certificate would have constituted a cognizable injury.  Even if "Information not given" was about to be entered on the official birth certificate held permanently by the State, as well as on any certified copy, Plaintiffs do not explain why this statement would have harmed them.  The statement would have been truthful.  It would not have been pejorative.  While Plaintiffs say they have a right not to give such information, it is unclear why the State violates the Constitution by asking for the information, accepting a refusal

5

to provide the information, and noting the absence of information.  Thus, for example, a State may ask a birth mother to list a birth father's name, but if the birth mother declines to respond, "Information not given" might be entered without constitutional harm.

And, if "Information not given" turned out to be entered only on the official birth certificate held by the State but not on certified copies, it is difficult to discern how any injury would befall Plaintiffs.  Neither they nor anyone they submitted a certified copy to would even see "Information not given."

At best, Plaintiffs express concern that other parents may feel coerced by this court's decision into listing their race or Spanish origin.  It is unclear whether Plaintiffs are suggesting that this lawsuit advances the rights of others.  If that is Plaintiffs' intent, they lack standing to so act.

Finally, Plaintiffs argue that Hawaii law required the State to issue certified copies of the birth certificate within ten days of the Gustafson's request.  See Doc. No. 83 at 2-3. Pursuant to section 92F-23 of the Hawaii Revised Statutes, and with exceptions not relevant here, the State was required to make a copy of the birth certificate "within ten working days following the date of receipt of the request by the agency." However, this ten-day period could be "extended for an additional

twenty working days if the agency provide[d] to the individual, within the initial ten working days, a written explanation of unusual circumstances causing the delay." Haw. Rev. Stat. § 92F-23. Plaintiffs' failure to complete the entire birth registration form constituted "unusual circumstances" justifying an additional twenty working days in which the State could provide the certified copies of the birth certificate.

The other arguments raised by Plaintiffs in their motion for reconsideration are meritless.

Accordingly, the Motion for Reconsideration, Doc. No. 82, is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 20, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Gustafson, et al. v. Fukino, et al., Civ. No. 09-00565 SOM/KSC; ORDER DENYING MOTION FOR RECONSIDERATION (DOC. NO. 82)